## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH IN MOTION LLC, AND LEISURE FITNESS EQUIPMENT LLC,<br><br>    Defendants. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Defendants Health In Motion LLC d/b/a Inspire Fitness ("HIM"), and Leisure Fitness Equipment LLC ("Leisure Fitness") (collectively, "Defendants") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.      Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at 200 Baker Avenue, Suite 203, Concord, Massachusetts 01742.

2.      On information and belief, Defendant HIM is a limited liability company organized and existing under the laws of California with its principal place of business located in 255 Airport Circle, Suite 101, Corona, California 92880.  HIM may be served via its registered agent, Charles Habing, 1202 Deborah Drive, Tustin, California 92780.

3. On information and belief, Defendant Leisure Fitness is a limited liability company organized and existing under the laws of Delaware with its principal place of business located at 231 Executive Drive, Suite 15, Newark, Delaware 19702.  Leisure Fitness may be served via its registered agent, David Ford, 231 Executive Drive, Suite 15, Newark, Delaware 19702.

4. Joinder is proper under 35 U.S.C. § 299 because the allegations of infringement contained herein are asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to HIM's manufacture of the M1 Multi Gym and its cooperation with Leisure Fitness to sell and offer to sell the M1 Multi Gym to customers.  Inherent in this relationship are common questions of fact, including without limitation their respective roles in selling and offering to sell the M1 Multi Gym to customers, and what documentation, information, and/or instructions HIM provides Leisure Fitness to sell and offer to sell the M1 Multi Gym.

JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

6. Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7. This Court has personal jurisdiction over HIM because HIM is subject to specific jurisdiction in Delaware.  Defendant regularly conducts business in Delaware, including by marketing, selling, and/or offering for sale its exercise equipment in cooperation with and/or

2

through its dealer network, including HIM products that are accused of infringing U.S. Patent No. 6,705,976 as alleged herein. HIM also places infringing HIM products into the stream of commerce with an intent to serve the Delaware market by marketing, selling, and/or offering to sell infringing HIM products in the United States without intending to exclude Delaware, including by making available a website (www.inspirefitness.net) that is available to residents of Delaware and markets and advertises HIM's exercise equipment, lists equipment MSRPs, provides a store finder function that searches by zip code to return nearby retailers, and specifically states that there is "DISTRIBUTION WORLD WIDE" for its exercise equipment. (http://www.inspirefitness.net/catalog/index.php.) The store finder function can be used to find HIM dealer locations in Delaware, including Leisure Fitness stores in Wilmington, Newark, and Rehoboth Beach, Delaware. The exercise of personal jurisdiction comports with HIM's right to due process because, as described above, HIM has purposefully availed itself of the privilege of conducting activities within Delaware such that it should reasonably anticipate being haled into court here. The acts by HIM in this district have caused injury to Blackbird Technologies.

8.     This Court has personal jurisdiction over Leisure Fitness because Leisure Fitness is subject to general and specific jurisdiction in Delaware. Defendant has also established minimum contacts with this forum. Defendant has been incorporated in Delaware at all relevant times. Defendant regularly conducts business in Delaware, including by marketing, selling, and/or offering for sale its exercise equipment to customers located in Delaware, including HIM products that are accused of infringing U.S. Patent No. 6,705,976 as alleged herein. Leisure Fitness is also the owner of the web site www.leisurefitness.com, which is available to residents of Delaware and markets and advertises HIM's exercise equipment and lists equipment MSRPs. Leisure Fitness identifies its Wilmington, Newark, and Rehoboth Beach, Delaware stores on its

web site, which sell and deliver HIM products to Delaware customers.  The acts by Leisure

Fitness in this district have caused injury to Blackbird Technologies.

9.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

and § 1400(b) at least because Defendants transact business within this district and have

committed acts in this district that infringe U.S. Patent No. 6,705,976.

U.S. PATENT NO. 6,705,976

10.       U.S. Patent No. 6,705,976 (the "'976 patent" or "patent-in-suit") entitled,

"Exercise Apparatus," was duly and legally issued by the U.S. Patent and Trademark Office on

March 16, 2004.  Blackbird Technologies is the owner by assignment of all right, title, and

interest in and to the '976 patent, including all right to recover for any and all infringement

thereof.  The '976 patent is valid and enforceable.  A true and correct copy of the '976 patent is

attached as Exhibit A.

11.       Claim 1 of the '976 patent recites, for example, exercise equipment that includes a

curved structural surface with at least three cable exit points positioned along that surface.

According to the '976 patent, "[f]rom a biomechanical standpoint, … equipment designed with

resistance delivery systems oriented along an arced pathway are inherently more

biomechanically optimized than those that are not, thus offering tremendous advantages to the

user."  ('976 patent at 2:21-25.)  Each corresponding cable enables a user to exert a tensile force

such that a common source of resistance exerts a counterforce to that cable.  The cable is also

coupled to a counter-resistance.

4

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,705,976</u>

12.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     HIM manufactures, imports, sells, and offers to sell exercise equipment that includes the M1 Multi Gym (the "Accused Product").[1]

14.     Leisure Fitness sells and offers to sell the Accused Product.[2]

15.     The Accused Product is an exercise apparatus that includes a curved structural surface.  For example:



(http://www.inspirefitness.net/catalog/images/M1_Side_450.jpg.)

---

[1] *See* http://www.inspirefitness.net/catalog/product_info.php?products_id=1281.
[2] *See* http://www.leisurefitness.com/Inspire-Fitness-M1-Multi-Gym-P94.aspx.

5

16.     The Accused Product has at least three cable exit points positioned along its surface.  For example:



(Ex. B, hereinafter "M1 Inspire Assembly & Operation Manual," at 21 (red circles highlighting cable exit points).)



(M1 Inspire Assembly & Operation Manual at 21 (red circles highlighting cable exit points).)



(M1 Inspire Assembly & Operation Manual at 14 (red circles highlighting cable exit points).)

17.     Corresponding cables enable a user to exert a tensile force such that a weight

stack exerts a counterforce.  *See, e.g.*, M1 Inspire Assembly & Operation Manual at 19

(reproduced *infra* ¶ 18); M1 Exercise Chart, *available at*

http://www.inspirefitness.net/downloads/M1_WallChart_2014.pdf; Inspire Fitness M1 Demo

video, *available at* https://youtu.be/7aBZH0zVNSs.

18.     Corresponding cables are also coupled to a counter-resistance.  For example:



(M1 Inspire Assembly & Operation Manual at 19 (showing plastic balls, cable "U" brackets,

M6x12 button head bolts, and M6 T-nuts).)

19.     Therefore, the Accused Product falls within the scope of at least claim 1 of the

'976 patent.

### *Direct Infringement of U.S. Patent No. 6,705,976*

20.     HIM, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '976 patent, including at least claim 1, by making, importing, using, selling, and offering to sell, in this judicial district and/or elsewhere in the United States, the Accused Product.

21.     Upon information and belief, HIM manufactures in the United States and/or imports into the United States the Accused Product.

22.     Upon information and belief, HIM sells and offers to sell the Accused Product to customers directly or in cooperation with and/or through its dealer network located throughout the United States, which includes Leisure Fitness.

23.     Leisure Fitness, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one of more claims of the '976 patent, including at least claim 1, by selling and offering to sell, in this judicial district and/or elsewhere in the United States, the Accused Product.  *See supra* ¶ 14.

### *Inducement of U.S. Patent No. 7,797,976*

24.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     HIM, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induces the infringement of one or more claims of the '976 patent, including at least claim 1, by instructing and otherwise encouraging infringement by partnering with members of its dealer network to sell and offer to sell the Accused Product.  HIM's dealer network, which includes Leisure Fitness, has directly infringed and continues to directly infringe, literally and/or under

the doctrine of equivalents, at least claim 1 of the '976 patent by selling and offering to sell the

Accused Product to customers in this judicial district and/or elsewhere in the United States.

### *Damages*

26.     Blackbird Technologies has sustained damages as a direct and proximate result of

Defendants' infringement of the '976 patent.

27.     As a consequence of Defendants' infringement of the '976 patent, Blackbird

Technologies is entitled to the recovery of past damages in the form of, at a minimum, a

reasonable royalty.

28.     As a consequence of Defendants' continued infringement of the '976 patent,

Blackbird Technologies is entitled to royalties for their infringement of the '976 patent on a

going-forward basis.

### PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter

judgment against Defendants, as follows:

A.     Adjudging that HIM has infringed at least claim 1 of the '976 patent literally

and/or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a) and (b);

B.     Adjudging that Leisure Fitness has infringed at least claim 1 of the '976 patent

literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a);

C.     An award of damages to be paid by Defendants adequate to compensate Blackbird

Technologies for Defendants' past infringement and any continuing or future infringement up

until the date such judgment is entered, and in no event less than a reasonable royalty, including

interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

D.      Ordering Defendants to continue to pay royalties to Blackbird Technologies for infringement of the '976 patent on a going-forward basis;

E.      Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

F.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G.      Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.


Dated:  October20,  2016                          STAMOULIS & WEINBLATT LLC

OF COUNSEL                                        */s/ Stamatios Stamoulis*
                                                  Stamatios Stamoulis #4606
Christopher Freeman                                  stamoulis@swdelaw.com
cfreeman@blackbird-tech.com                       Richard C. Weinblatt #5080
Wendy Verlander                                      weinblatt@swdelaw.com
wverlander@blackbird-tech.com                     Two Fox Point Centre
John Handy                                        6 Denny Road, Suite 307
jhandy@blackbird-tech.com                         Wilmington, DE 19809
Blackbird Tech LLC d/b/a                          (302) 999-1540
Blackbird Technologies
One Boston Place, Suite 2600                      *Attorneys for Plaintiff*
Boston, MA 02108                                  *Blackbird Tech LLC*
(617) 307-7100                                    *d/b/a Blackbird Technologies*