1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | ) CASE NO.  CV 17-3488-R ) |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' ) MOTION FOR ATTORNEYS' FEES AND |
| | ) EXPENSES |
| v. | ) |
| | ) |
| HEALTH IN MOTION LLC; et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

         Before the Court is Defendants' Motion for Attorneys' Fees and Expenses, filed on June 28, 2018.  (Dkt. No. 103).  Having been thoroughly briefed by both parties, this Court took the matter under submission on August 2, 2018.

         A court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  An exceptional case is one that "stands out" from the others.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  Specifically, a case must stand out from the others with respect to, (1) "the substantive strength of a party's litigation position (considering the governing law and the facts of the case") or (2) "the unreasonable manner in which the case is litigated." *Id.* at 1750.  In determining whether a case stands out from

the others, a court may consider the totality of the circumstances including frivolousness, objective unreasonableness, and the strength of a party's position. *Id*. at 1756. If the case is found to be exceptional, then a court calculates the attorney's fees based on the traditional lodestar method. The lodestar figure is calculated by multiplying the reasonable hours expended by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id* (citation omitted).

This Court finds that the case is exceptional within the meaning of Section 285 and *Octane Fitness*. Although only one of the above grounds needs to be satisfied, both are satisfied here.

As for the substantive strength of Plaintiff's litigation position, Defendants claim that Plaintiffs brought a frivolous lawsuit and this Court agrees. When challenged on the merits, Plaintiff raised flawed claim construction and infringement contentions. The only independent claim asserted against Defendants is Claim 1 of the '976 Patent. This Court finds that because this patent isn't infringed, none of the dependent claims hold water. Further, Plaintiff did not prevail on the merits of the case because Plaintiff dismissed its claims with prejudice, and submitted a covenant not to sue on the eve of trial.

In addition, Plaintiff litigated this case in an unreasonable manner. First, Plaintiff made multiple settlement demands that were far less than the anticipated cost of defense. Plaintiff first made a settlement demand of $80,000, and then for $50,000, and then for $15,000, each of which were rejected. Second, Plaintiff delayed in producing documents, withheld many documents until after Defendants took Plaintiff's deposition and completely failed to produce other responsive documents. Third, Plaintiff filed a notice of dismissal, covenant not to sue, and motion to dismiss without first notifying Defendants' counsel, on the same day pretrial submissions were due and shortly before Defendants' motion for summary judgment was to be decided. At each stage of this litigation, Plaintiff and its counsel exhibited exceptional conduct justifying an award of attorney's fees for Defendants.

Thus, from the very early stages of this case until the attorney's fees stage, there has been

exceptional conduct by Plaintiff.  This case stands out because Plaintiff filed a meritless claim based on alleged patent infringement and litigated the case in an unreasonable manner.  Further, granting a fee award is warranted here to deter future abusive litigation.  In *Octane Fitness, LLC*, the Supreme Court confirmed that deterrence is a legitimate reason to award fees.  *Octane Fitness, LCC*, 134 S. Ct. 1749 at 1756.  Since 2014, Plaintiff has filed over one hundred patent infringement lawsuits, and none have been decided, on the merits, in favor of Plaintiff.  Accordingly, this Court finds that the case is exceptional and justifies an award of attorney's fees.

Defendants argue that they are entitled to a total award of $357,768.50 in attorney's fees and $5,475.30 in expenses.  A reasonable hourly rate should reflect the prevailing market rate and the court must examine the attorneys' comparable skill, experience, and reputation.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Here, Defendants included a detailed breakdown of the tasks performed by each lawyer, the rate of each lawyer, and the time spent by each lawyer (Holbrow Dec. Exhibits 25-27).  Defendants' primary counsel Willmore F. Holbrow III's hourly rate for the duration of this case was $645, but he did reduce his rate to $595 per hour for this case and client beginning in approximately January 2017.  In sum, Mr. Holbrow III billed 509.05 hours on this case, totaling $302,884 worth of services.  Mr. Holbrow III's hourly rate is reasonable for the work performed on this case.  He has been a member of the patent bar since 1997, and the focus of his legal practice for the last 21 years has been intellectual property litigation.  Additionally, the Los Angeles market rate for patent litigation is in line with the rates requested by Mr. Holbrow III.  *See e.g.*, *Kim Laube & Co. v. Wahl Clipper Corp.*, 2013 WL 12085140, *6 (C.D. Cal. Nov. 16, 2013) (finding hourly rate of $750 reasonable for patent litigation partner); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, *16-21 (C.D. Cal. March 24, 2015).  Based on this Court's experience, the rates charged by Mr. Holbrow III are reasonable in the Southern California patent litigation market.

While the case was in Delaware, Defendants retained the firm of Morris James, LLP,

specifically the services of Kenneth Dorsney to act as local counsel.  Mr. Dorsney's hourly rate for the duration of this case was $695, and he billed 25.1 hours, totaling $17,444.50 worth of services. Mr. Dorsney's hourly rate is reasonable for the work performed on this case.  He is a partner at Morris James, LLP and has been practicing intellectual property litigation for approximately 20 years.  Based on his experience, reputation, and market rate, Mr. Dorsney's hourly rate is reasonable.

In addition, Defendants used the services of James Ahn, an associate assigned to the case at the Blakely firm.  Mr. Ahn's hourly rate for the duration of this case was $300, and he billed 124.80 hours, totaling $37,440 worth of services.  This rate is reasonable for the work performed on this case.  Mr. Ahn has over 5 years of legal experience focused on intellectual property litigation.  Based on his experience, Mr. Ahn's hourly rate is reasonable.

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees and Expenses is GRANTED in the total amount of $363,243.80.  (Dkt. No. 103).

Dated: September 10, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE